# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., §<br>Plaintiff, § §<br>v. §<br>§<br>FATOU SARR; AUBURN STATION COMMUNITY ASSOCIATION, INC.; and THE UNITED STATES OF AMERICA, §<br>Defendants. § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The above captioned plaintiff complains of the herein named defendants, stating as follows:

### I.   JURISDICTION AND VENUE

1. The plaintiff predicates this Court's jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America.

2. The object of the plaintiff's claims is certain property situated in this judicial district in Barrow County, Georgia. Venue is thus proper in this district and division.

### II.   PARTIES

3. The Plaintiff is Vanderbilt Mortgage and Finance, Inc. Plaintiff may be served with all pleadings, discovery, or other communications related to the above styled and numbered cause through its undersigned counsel of record.

4. Defendant Fatou Sarr is an individual and may be served with process at 101 Auburn Crossing Drive, Auburn, Georgia 30011.

5. Defendant Auburn Station Community Association, Inc., is a corporation and may be served with process care of Liberty Community Management, Inc., 3905 Harrison Road, Suite 300, Loganville, Georgia 30052.

6. Defendant The United States of America may be served with process in accordance with Federal Rule of Civil Procedure 4(i).

### III.   BREACH OF CONTRACT

7. On the 21st of July 2020, Defendant Fatou Sarr made, executed, and delivered that one certain note, in writing, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 1** (the "Note").

8. On the 21st of July 2020, Defendant Fatou Sarr made, executed, and delivered that certain security deed to secure the Note with the Property described thereon (the "Property"), a true and correct copy of which, along with any related instruments and modifications thereof, if any, are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 2** (the "Security Deed"). Property is described with particularity on the Security Deed. By executing the Security Deed, such grantor granted a lien on and recourse to the Property for breach thereunder.

9. Plaintiff is the assignee of the Security Deed under that certain assignment, a true and correct copy of which is attached hereto and incorporated herein for all purposes with **Plaintiff's Exhibit No. 2.**

10. The obligation evidenced by the Note and Security Deed will sometimes hereinafter be referred to as the "Loan."

11. To Plaintiff's detriment, the promisor under the Note and the grantor under the Security Deed have failed and refused to pay amounts that have come due under the Loan.

12. Plaintiff duly notified all parties so entitled of said default under the Loan and its intent to accelerate the indebtedness via letter, a true and correct copy of which describing said default with particularity is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 3**. Said default persists.

13. The continued breach under the Loan has directly and proximately caused damage to Plaintiff in that amounts due to Plaintiff remain unpaid, and in that Plaintiff is incurring fees and expenses to enforce its rights under the Loan and protect its interest in the Property. Plaintiff therefore declares the entire balance owed under the Loan due and payable. Plaintiff's records reflect that the entire balance due and payable under the Loan, and secured under the Security Deed, as of the 8th of June 2025, is at least $208,183.56.

14. The terms of the Loan require that it be repaid in installments. Such promise was breached to the detriment of Plaintiff. Plaintiff is thus entitled to judgment for all amounts due under the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs and post-judgment interest) to be charged to the Property, and judgment for judicial foreclosure upon the lien against the Property securing such amount.

### IV.    TITLE INTEREST DEFENDANTS

15. Defendant Auburn Station Community Association, Inc., claims an interest in the Property under that certain instrument, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 4**. Such claimed interest is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed.

16. Defendant The United States of America acting through the Department of Agriculture's Rural Housing Service claims an interest in the Property under those two certain

instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 5**. Such claimed interest is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed.

## V.     ATTORNEYS' FEES

17. Pursuant to the terms of the Loan, Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this action. Plaintiff seeks to recover its reasonable and necessary attorneys' fees and costs of Court, to be charged to the Property.

## PRAYER

WHEREFORE, Plaintiff requests that the defendant(s) named herein be cited to appear and answer herein, and that Plaintiff have and recover a judgment for the amounts owed to it under the loan and for attorneys' fees and costs of Court to be charged to the Property, as well as judicial foreclosure of the Property. Plaintiff prays further for any such further relief to which it may be entitled.

Respectfully Submitted,

**PADGETT LAW GROUP**

*/s/ Thomas Sears*
Devon Reeves, GBN 805635
Thomas A. Sears, GBN 633810
3490 Piedmont Road NE, Suite 1475
Atlanta, Georgia 30305
850-422-2520 (telephone)
850-422-2567 (facsimile)
Devon.Reeves@padgettlawgroup.com
Tom.Sears@padgettlawgroup.com
attorney@padgettlawgroup.com
***Counsel for the Plaintiff***